## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwayne Roderick Ross, | ) | C/A No. 5:15-cv-02755-CMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (Includes important, time-sensitive |
| B. J. Meeks, | ) | message to Petitioner) |
| Respondent. | ) | |
| | ) | |

At the time Dwayne Roderick Ross ("Petitioner") filed the Petition pursuant to 28 U.S.C. § 2241 in this case, he was incarcerated at FCI-Williamsburg in Salters, South Carolina. Pet. 1, ECF No. 1.[1] He has since been transferred to FCI-Yazoo in Yazoo City, Mississippi. ECF No. 7. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a Report and Recommendation ("R&R") on Respondent's Motion to Dismiss, which was filed on October 14, 2015. Mot. Dismiss, ECF No. 19. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and of the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 20. On November 18, 2015, Petitioner filed a response in opposition to Respondent's motion. ECF No. 25. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion to Dismiss, ECF No. 19, be granted.

I.      Factual and Procedural Background

On June 17, 2009, Petitioner was indicted in this District for (1) conspiracy to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine and

---

[1] Citations to pages in the Petition are to the numbers at the top of the page as generated by the court's Electronic Court Filing system.

(2) a substantive count of possession with intent to distribute and distribution of cocaine. Indictment, *United States v. Ross*, No. 3:09-cr-714-CMC, (D.S.C. June 17, 2009), ECF No. 2. Petitioner was tried before a jury from September 22 through 25, 2009 and was found guilty of the conspiracy count, 21 U.S.C. § 846. Jury verdict, *United States v. Ross*, No. 3:09-cr-714-CMC (D.S.C. Sept. 25, 2009), ECF No. 92.

Following Petitioner's conviction, the United States Probation Office prepared a Presentence Investigation Report ("PSR") and determined Petitioner was a "Career Offender" pursuant to section 4B1.1 of the United States Sentencing Guidelines ("USSG" or "guidelines") because he had been convicted of at least two prior "crimes of violence" and/or "controlled substance offense": (1) discharging a firearm into a dwelling, (2) possession of a sawed off shotgun, and (3) possession of crack cocaine with intent to distribute within proximity to a public park or playground. PSR, *United States v. Ross*, No. 3:09-cr-714-CMC (D.S.C. Dec. 15, 2009), ECF No. 120 (¶¶ 34, 35, 40, 62, 94).

On January 26, 2010, Petitioner was sentenced to 344 months imprisonment. *United States v. Ross*, No. 3:09-cr-714-CMC (D.S.C. Jan. 26, 2009), ECF Nos. 135, 136. Petitioner's guidelines range was 360 months to life imprisonment. *See* PSR ¶ 79. The district court sentenced Petitioner at the bottom of his guidelines range and gave him a downward departure/variance of 16 months because he had served 16 months in state custody before sentencing. Tr., *United States v. Ross*, No. 3:09-cr-714-CMC (D.S.C. Sept. 25, 2009), ECF No. 150 at 65-67.

Petitioner filed a notice of appeal on January 27, 2010. Notice of Appeal, *United States v. Ross*, No. 3:09-cr-714-CMC (D.S.C. Sept. 25, 2009), ECF No. 138. Petitioner attacked his designation as a career offender on appeal. On January 21, 2011, the Fourth Circuit Court of

Appeals ("Fourth Circuit") affirmed the conviction and sentence, holding that Petitioner's prior convictions for discharging a firearm into a dwelling and possession of a sawed-off shotgun were crimes of violence for purposes of USSG §§ 4B1.1 & 4B1.2. *United States v. Ross*, 416 F. App'x 289 (4th Cir. 2011).

On June 11, 2012, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.[2] Petitioner's § 2255 motion raised three Grounds for Relief: 1) ineffective assistance of trial counsel, 2) Fifth Amendment violation from constructively amended indictment, and 3) Sixth Amendment violation for inadequate notice of the nature of the charges. § 2255 Mot., *United States v. Ross*, No. 3:09-cr-714-CMC (D.S.C. June 11, 2012), ECF No. 221. On July 26, 2012, Ross filed a motion to amend, asserting additional grounds for relief relating to alleged ineffective assistance of counsel. By Order filed July 31, 2012, the court granted Petitioner's motion to amend, and the United States thereafter moved for summary judgment on all of Petitioner's grounds for relief. Following receipt of Petitioner's response, the district court granted the United States' motion for summary judgment on all grounds and all grounds for

---

[2] The statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

relief were dismissed with prejudice. *See United States v. Ross*, No. 3:09-cr-714-CMC, 2013 WL 1303048 (D.S.C. Mar. 28, 2013).

On March 5, 2014, Petitioner filed a pro se motion for relief from judgment. Motion, *United States v. Ross*, No. 3:09-cr-714-CMC (D.S.C. Mar. 5, 2014), ECF No. 295. In his motion, Petitioner contended that, based upon evidence introduced at the evidentiary hearing held on May 16, 2013, he was entitled to relief from judgment based upon his counsel's alleged "collu[sion]" with the United Sates. He sought to reopen his previously-denied motion for relief under 28 U.S.C. § 2255 to include an additional claim of ineffective assistance of counsel. The district court determined that the motion was, in reality, an unauthorized second or successive motion for relief under 28 U.S.C. § 2255 and dismissed the motion. Order, *United States v. Ross*, No. 3:09-cr-714-CMC (D.S.C. Mar. 6, 2014), ECF No. 296.

Petitioner's § 2241 Petition was filed on July 13, 2015.

II.    Discussion

A.  The parties' positions

Here, Petitioner claims that he is entitled to be resentenced in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Pet. 8. *Johnson* concerned a mandatory-minimum provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922, known as the ACCA's "residual clause," which provided for a 15-year mandatory-minimum sentence for one who violated the ACCA and had three prior convictions for a "violent felony" or a "serious drug offense." The *Johnson* Court held that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. *Id.* at 2558.

Petitioner contends that *Johnson* applies to his case and that he no longer qualifies as a career offender because one of his predicate convictions—possession of sawed-off shotgun—no longer qualifies to be considered in his sentencing. Pet. 6. Quoted verbatim, Petitioner raises the following ground in his Petition:

> **GROUND ONE**: Defendant's state convictions under South Carolina statue [sic] does not qualify for purpose of armed career criminal act (ACCA), based on the recent Supreme Court ruleing [sic] regarding the possession of a sawed-off shotgun under the "residual clause" and is unconstitutionally vague and in violation of due process.
>                         . . . .
>
> Supporting Facts: Based on a Supreme Court ruling in Johnson v. US defendant was enhanced under a prior conviction for a sawed-off shotgun conviction.

Pet. 6-7. Petitioner states that the § 2255 remedy is inadequate and ineffective to challenge his sentence and that he filed this § 2241 Petition because "[i]t is newly found change of law that has been pending and now has become available by way of Supreme Court." *Id.* at 5. Petitioner asks this court to resentence him "to the correct guideline" without application of the career offender enhancements. *Id.* at 8. In his Answers to the Court's Special Interrogatories, Petitioner states that he did not seek Fourth Circuit authorization for a successive § 2255 motion to raise his *Johnson* claim before he filed this § 2241 Petition. ECF No. 10.[3]

As an initial matter, the undersigned notes that, although Petitioner bases his argument on the *Johnson* Court's invalidation of the ACCA's residual clause, Petitioner was not convicted under the ACCA. Respondent does not discuss this distinction in its Motion, but it does note Petitioner was sentenced under the USSG and was considered to be a "career offender" as defined in USSG § 4B1.1. Resp.'t's Mem. 1, ECF No. 19-1. In responding to the Motion,

---

[3] Based on the undersigned's independent review of publicly available filings, Petitioner does not seem to have sought the Fourth Circuit's authorization subsequent to his responses to the Court's Special Interrogatories. *See* https://ecf.ca4.uscourts.gov/cmecf/servlet/TransportRoom (last visited June 2, 2016).

Petitioner acknowledges he is "challenging the career offender sentence[] imposed under U.S.S.G. § 4B1.1 . . . ." Pet.'r's Mem. 3, ECF No. 25.[4]

Respondent seeks dismissal of the Petition, arguing the court lacks jurisdiction to consider the § 2241 Petition because Petitioner cannot demonstrate that a motion pursuant to § 2255 would be inadequate or ineffective. Resp't's Mot. 1. Further, Respondent submits that even if the Petition were considered on the merits, it would fail. *Id.*

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief—such as the statute of limitations or the rule against successive petitions—does not render § 2255 review "inadequate" or "ineffective." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The Fourth Circuit has found that § 2255 is inadequate or ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that: (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Respondent first argues Petitioner's claim is subject to dismissal because "Petitioner cannot demonstrate that his 28 U.S.C. § 2255 remedy is 'inadequate or ineffective'. . . ." Resp.'t's Mem. 6. Respondent contends that Petitioner cannot satisfy the § 2255 savings clause

---

[4] Elsewhere in his Memorandum, Petitioner again focuses on the ACCA. *E.g.* Pet.'r's Mem. 15-17. Unquestionably, Petitioner was sentenced pursuant to the guidelines, not the ACCA.

because "Petitioner's claim fails to meet the *Jones* test," and Petitioner does not allege that he is actually innocent of his conviction for conspiracy to possess with intent to distribute and intent to distribute cocaine and crack cocaine." *Id*. Instead, according to Respondent, Petitioner "is claiming that he is actually innocent of the career offender designation for guidelines calculation purposes." *Id*. Respondent contends that Petitioner's *Johnson* claim is based on a new constitutional rule and that it cannot be considered in a § 2241 petition under the savings clause because "neither the Fourth Circuit nor the Supreme Court has ever held that § 2255 is an 'inadequate or ineffective' remedy in which to raise a new constitutional claim." *Id.* at 8. Respondent further notes that Petitioner would have an adequate and effective remedy under 28 U.S.C. § 2255(h)(2) if the *Johnson* case "someday [is] made retroactive to guidelines cases by the Supreme Court." *Id.*

On April 18, 2016, which was after Respondent filed the Motion now being considered, the United States Supreme Court ruled that the *Johnson* holding may be retroactively applied to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1268 (2016). However, the *Welch* decision concerned the *Johnson* holding, which applied to *Johnson*'s retroactivity as to ACCA sentences. Neither *Welch* nor *Johnson* addressed the USSG or sentences imposed thereunder, nor has the Fourth Circuit issued an opinion addressing this matter at this time. Courts of Appeals that have considered the issue are split in their decisions. *Compare United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) ("Because the Guidelines are the beginning of all sentencing determinations, and in light of the unavoidable uncertainty and arbitrariness of adjudication under the residual clause, we hold that the residual clause of § 4B1.2(a)(2) is void for vagueness.") (internal quotation marks and citation omitted) *and United States v. Pawlack*, No. 15-3566, _ F.3d _, 2016 WL 2802723 (6th Cir. May 13, 2016)

(applying *Johnson* to sentencing guidelines) *with United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015) (rejecting the argument that *Johnson* rendered the residual clause of Guidelines § 4B1.2(a)(2) unconstitutional, because advisory guidelines "cannot be unconstitutionally vague"). There is also a split among the district courts within the Fourth Circuit. *Compare United States v. Cotton*, No. 7:15-CR-21-FL, 2015 WL 4757560, at *1 (E.D.N.C. Aug. 12, 2015) ("The advisory Sentencing Guidelines are not susceptible to vagueness challenges because they do not proscribe conduct."), *appeal docketed*, No. 15-4480 (4th Cir. Aug. 13, 2015); and *McRae v. United States*, No. CIV. PJM 13-3331, 2015 WL 4641167, at *4 n.1 (D. Md. Aug. 3, 2015) (stating that *Johnson* does not apply when a defendant challenges his career offender designation under the Sentencing Guidelines because the Guidelines "require a different analysis being merely advisory") *with United States v. Litzy*, No. CR 3:15-00021, 2015 WL 5895199, at *7 (S.D.W. Va. Oct. 8, 2015) ("[E]nhancing a convicted individual's sentence under the residual clause of the career offender enhancement denies due process of law because the residual clause is unconstitutionally vague.") (internal citation omitted).

In his Petition Ross submitted that the § 2255 remedy was inadequate and ineffective because "[i]t is newly found change of law that has been pending and now has become available by way of Supreme Court." Pet. 5. Petitioner's response to the Motion to Dismiss includes no response to Respondent's contentions about the adequacy or effectiveness of § 2255—including the question of whether *Johnson* retroactively applies to USSG sentences. Rather, citing to *Johnson* and to *United States v. Parral-Dominguez*, 794 F.3d 440 (4th Cir. 2015) (North Carolina conviction for discharging any firearm into occupied building was not a "crime of violence" under USSG),[5] Petitioner responds that he should be allowed to proceed with his

---

[5] *Parral-Dominguez* was decided after Petitioner submitted his § 2241 Petition.

*Johnson* claim under § 2241 because the sentencing error in this case resulted in a "miscarriage of justice." Pet.'r's Mem. 4; *see id.* at 12-13. Petitioner asserts that even though his sentence is within the statutory maximum for his crime of conviction, he was given a much longer sentence than he would have gotten had the sawed-off shotgun conviction not been used to enhance his guidelines sentence. *Id.* at 12-13. Petitioner contends that his "due process rights" were violated because his sentence was not based on "accurate information." *Id*. Petitioner argues that his possession-of-a-sawed-off-shotgun conviction should not have been used to enhance his guidelines sentence because "mere possession of a firearm is not a violent felony under the ACCA." Petitioner urges this court to apply "the rule of lenity" and re-sentence him without the career offender enhancement. *Id*. at 18-19.

B.  Analysis

The undersigned has reviewed the 28 U.S.C. § 2241 Petition and the parties' arguments concerning Respondent's Motion to Dismiss and recommends Respondent's Motion be granted and the Petition dismissed. The undersigned is of the opinion that Petitioner has failed to establish entitlement to use the savings clause, as he has not demonstrated that a § 2255 motion is "inadequate or ineffective to test the legality of [his] detention."

First, Petitioner makes no allegation that the law has changed such that the conduct of which he was convicted—conspiracy to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine—is no longer criminal. In other words, Petitioner fails to state a plausible claim of actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding "actual innocence applies in the context of habitual-offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

9

Also, Petitioner does not argue that his claim of a sentencing error—allegedly rising to the level of manifest injustice and denial of due process—could not be considered under § 2255 if properly presented. Furthermore, the record shows that, even had he tried to do so, Petitioner could not argue in good faith that the § 2255 remedy is ineffective and inadequate because he has not requested authorization from the Fourth Circuit to file a successive § 2255 motion to raise his current *Johnson*-related claim. *See* 28 U.S.C. § 2244(b)(3)(A). A § 2241 petition cannot be utilized to circumvent the constraints of § 2255, and, before the sentencing district court has jurisdiction to consider a successive § 2255 motion, a petitioner must obtain an order from the Fourth Circuit authorizing the filing of such motion. Because the undersigned is of the opinion that § 2255 is adequate and effective to test the legality of Petitioner's detention, a request for authorization is the proper avenue by which Petitioner should proceed. *See Barnhart v. Saad*, No. 2:15-CV-99, 2016 WL 347340, at *4 (N.D.W. Va. Jan. 28, 2016) (finding, *inter alia*, § 2241 petitioner had not established entitlement to consideration under savings clause because § 2255 would be adequate for reviewing guidelines sentence pursuant to *Johnson* and noting request to Fourth Circuit for filing a successive § 2255 motion "is the proper avenue by which" the petitioner should proceed); *see also Broadway v. United States*, No. 3:13-CV-00188-MR, 2015 WL 4647867, at *2 (W.D.N.C. Aug. 5, 2015) (finding, *inter alia*, that petitioner had not established entitlement to consideration under savings clause; construing the § 2241 petition seeking review of guidelines sentence pursuant to *Johnson* as a § 2255 motion; and finding court could not review successive § 2255 motion absent Fourth Circuit authorization).

In any event, even if the court were to construe Petitioner's claim as a § 2255 motion *and* such motion were authorized by the Fourth Circuit, the undersigned is of the opinion Petitioner's request would be subject to dismissal. The Fourth Circuit recently held that an incorrect career-

offender designation that does not result in a sentence above the statutory maximum is not a fundamental defect resulting in a miscarriage of justice. *United States v. Foote*, 784 F.3d 931, 940-44 (4th Cir.) (appeal from unsuccessful § 2255 motion), *cert. denied*, 135 S. Ct. 2850 (2015). Further, Petitioner's attack on the legality of his federal sentence based on an enhancement that he claims is now void because of a subsequent change in applicable law is precisely the type of challenge that the Fourth Circuit has found must be brought under § 2255 in the sentencing court. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (noting "Fourth Circuit precedent has . . . not extended the reach of the savings clause [28 U.S.C. § 2255(e) ] to those petitioners challenging only their sentence." (citing *In re Jones*, 226 F.3d at 333-34);[6] *Farrow v. Revell*, 541 F. App'x 327, at **1-3 (4th Cir. 2013) (refusing a § 2241 challenge to petitioner's "armed career criminal status" (citing *Poole*, 531 F.3d at 267)); *see, e.g.*, *San-Miguel v. Dove*, 291 F.3d 257, 259-61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico); *Riddle v. Mitchell*, No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. Apr. 27, 2010) (finding petitioner's challenge to his career offender status on the grounds that he is actually innocent of a sentencing provision is not properly brought in a § 2241 petition); *Chestnut v. Mitchell*, No. 9:09-03158-RBH, 2010 WL

---

[6] This currently binding Fourth Circuit precedent was recently confirmed by a panel of that court one month after the Supreme Court issued its *Johnson* opinion in *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."), *reh'g en banc granted* (Dec. 2, 2015); *see also id.* at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position."). However, the undersigned is aware that the *Surratt* panel opinion is no longer binding because the case is currently under en banc review. *See* Fed. R. App. P. 35(c) ("Granting of rehearing or rehearing en banc vacates the previous panel judgment and opinion; the rehearing is a review of the judgment or decision from which review is sought and not a review of the judgment of the panel.").

569577 (D.S.C. Dec. 13, 2010) (dismissing § 2241 petition that asserted a claim of actual innocence of an enhanced sentence, but did not argue actual innocence of the underlying conviction).

Finally, the new rule in *Johnson* on which Petitioner relies is one of constitutional law, not a new rule based on treaty or statutory interpretation, and claims based on new constitutional rules stand on different footing than statutory rules because Congress did not categorically preclude such claims from being raised in a successive § 2255 motion. *See* 28 U.S.C. § 2255(h)(2) (permitting successive motions relying on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); *Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000) ("The savings clause has to be resorted to for such a statutory claim because Congress restricted second or successive petitions to constitutional claims. . . . If . . . the [] claim is a constitutional claim, there is less reason to resort to the savings clause, as Congress permits new constitutional rule claims to be made on second or successive petitions provided that the Supreme Court has made the new rule retroactive (and the claim was not previously available)."). Therefore, Petitioner fails to meet the *In re Jones* standard to show that § 2255 is inadequate or ineffective to test the legality of his detention.

In making this recommendation, the undersigned has considered the cases Petitioner cites for his contention that his sentencing-related claim rises to the level of miscarriage of justice. *See* Pet.'r's Mem. 10-14. The undersigned finds those cases are not relevant to the decision now before the court because they did not arise from § 2241 petitions raising sentencing-related constitutional claims and do not discuss the *In re Jones* standard or the § 2255 savings clause. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979) (appeal from an unsuccessful § 2255

motion seeking resentencing); *United States v. Timmreck*, 441 U.S. 780, 782 (1979) (appeal involving a §2255 motion challenging a guilty plea); *Davis v. United States*, 417 U.S. 333, 346 (1974) (§ 2255 case holding prisoner may use §2255 to "relitigate" a direct appeal claim where the law has changed); *Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011) (§ 2255 motion used to seek resentencing after relevant law affecting predicate offenses changed after sentencing). In any event, it is axiomatic that this court would need subject-matter jurisdiction over the Petition before it could address the merits of any claim of manifest error. But, as stated previously, in absence of satisfaction of the *In re Jones* requirements to permit application of the § 2255(e) savings clause, this court is without subject-matter jurisdiction to consider Petitioner's sentencing challenge pursuant to § 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Also, *Parral-Dominguez* has not been held to be retroactively applicable to cases on collateral review and, even if it were and were properly before this court under § 2241, it is of no assistance to Petitioner on the merits. *Parral-Dominguez* addressed a North Carolina state statute dealing with discharging any kind of firearm whereas the predicate offense that Petitioner seeks to challenge—possession of a sawed-off shotgun—was based on a completely different South Carolina state statute (S.C. Code Ann. § 16-23-230). Accordingly, the undersigned recommends finding that the § 2255 remedy is not inadequate or ineffective to test the legality of Petitioner's detention. Accordingly, Petitioner cannot satisfy the §2255(e) savings clause and his § 2241 Petition should be dismissed.[7]

---

[7] Based on this recommendation, the undersigned does not focus on Respondent's argument that, even if properly raised through § 2241, Petitioner's claim is without merit. Respondent submits that possession of a sawed-off shotgun qualifies as a crime of violence under "authoritative and binding" USSG commentary without the need to resort to the approach used under the USSG's "residual clause." *See* Resp.'t's Mem. 9 (citing USSG § 4B1.2(a)(2)).

III. **Important time-sensitive information for Petitioner**

As noted above, the undersigned is of the opinion that, if the sentencing-related issues he raises pursuant to *Johnson* may be appropriately considered, such consideration would be pursuant to a successive § 2255 motion filed in his criminal case, *United States v. Ross*, No. 3:09-cr-714-CMC. Before such a motion may be filed, however, Petitioner must first seek and obtain permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A). Should he wish to pursue such relief, he must do so as quickly as possible.

The undersigned is taking this somewhat unusual step of making a specific recommendation to Petitioner given the very short amount of time remaining for Petitioner to seek and obtain permission from the Fourth Circuit pursuant to § 2244(b)(3)(A), and, if granted, submit his claims in a § 2255 motion in *United States v. Ross*, No. 3:09-cr-714-CMC.[8]

In advising Petitioner to quickly seek this permission from the Fourth Circuit, the undersigned offers no opinion as to whether may be successful in seeking relief under *Johnson* or regarding how the district court may rule on this Report and Recommendation. Further, the undersigned offers no opinion as to whether Petitioner may be granted permission to file a successive § 2255 motion, or whether any subsequent motion may be successful.

For cases seeking § 2255 relief based on *Johnson*, it appears that the **one-year** period statute of limitations began on **June 26, 2015,** which is the date the Supreme Court decided *Johnson. See Dodd v. United States*, 545 U.S. 353, 359 (2005) (holding the § 2255(f)(3)

---

[8] *See* note 2, *supra*.

14

limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[ ]").[9]

Accordingly, the Clerk of Court is being directed by separate order to send Petitioner a blank Fourth Circuit form for filing a successive § 2255 motion along with his copy of this Report and Recommendation.

IV.    Conclusion

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss, ECF No. 19, be granted and the Petition dismissed.

IT IS SO RECOMMENDED.

June 6, 2016                                        Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

---

[9] The undersigned further notes that the government may choose to waive the statute of limitations or Petitioner may be able to establish that § 2255(f)(2)-(4) applies. *See Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) (in which government waived statute of limitations defense when in somewhat similar context).

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).