IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dwayne Roderick Ross,<br><br>      Petitioner<br><br>   v.<br><br>Warden B.J. Meeks,<br><br>      Respondent. | Cr. No. 5:15-2755-CMC-KDW<br><br><br>**Opinion and Order** |

      This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241. ECF No. 1. In his § 2241 motion, Petitioner seeks relief pursuant to the recent Supreme Court decision in *Johnson v United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), arguing that he should be resentenced as one of his predicate offenses for the career offender guideline is no longer valid. *Id.* Petitioner argues that 28 U.S.C. § 2255 is an inadequate remedy and that he filed his § 2241 petition because of a "newly found change of law that has been pending and now has become available by way of Supreme Court." *Id.* At that time, Petitioner did not appear to have filed a § 2244 motion with the Fourth Circuit, seeking leave to file a second or successive § 2255 motion.

      On October 14, 2015, Respondent filed a Motion to Dismiss and Response in Opposition to Petitioner's § 2241, arguing that Petitioner is unable to demonstrate that relief under § 2255 is inadequate or ineffective. ECF No. 19. A *Roseboro* Order was mailed to Petitioner on October 15, 2015, advising Petitioner of the importance of a dispositive motion and the need to file an adequate response. ECF No. 20. On November 23, 2015, Petitioner filed his reply brief in response to Respondent's opposition. ECF No. 25. In his reply, Petitioner argued that his

sentence resulted in a "miscarriage of justice" and that it was "subject to collateral attack." *Id.* at 4.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On June 6, 2016, the Magistrate Judge issued a Report recommending that this matter be dismissed, as § 2241 is an improper method for seeking the relief requested under *Johnson*. ECF No. 30. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. The Magistrate Judge also made a specific recommendation to Petitioner that, due to the approaching deadline for *Johnson* claims pursuant to § 2255, he should quickly seek permission from the Fourth Circuit to file a second or successive § 2255 motion in order to properly attack his career offender designation. *Id.* at 14-15.

Neither party filed Objections to the Report. However, Petitioner filed a petition under 28 U.S.C. § 2244 in the Fourth Circuit Court of Appeals on June 20, 2016. *In re*: Dwayne Ross, No. 16-9524. On June 27, 2016, the Fourth Circuit granted Petitioner's motion, giving him permission to file a second or successive motion under 28 U.S.C. § 2255 in the District Court of South Carolina. *Id.*, ECF No. 7. Petitioner's § 2255 motion was filed in this court on June 27, 2016. *See* No. 3:09-cr-00714-CMC, ECF No. 365.

As Petitioner has been granted permission to file his second or successive motion under § 2255 in this court, and has in fact done so based on the same grounds argued in his § 2241 motion, Petitioner is now pursuing his claim regarding his career offender status through the appropriate channel. Therefore, the court adopts the Report and dismisses his motion under § 2241 (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 28, 2016